UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**HOLLY HELM,**

    **Plaintiff,**

**v.**  )
)
) **Case No:**_____
)
**ERIC FISHER SALON, INC.**  )
)

    **Defendant.**

### COMPLAINT

For her Complaint against the Defendant, the Plaintiff, by and through her attorneys, alleges as follows.

### Jurisdiction and Venue

1. This Court has jurisdiction over the Plaintiff's claims brought under the Americans with Disabilities Act and Family and Medical Leave Act pursuant to 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### Parties

2. The Plaintiff is a former employee of Defendant company. The Plaintiff worked as a hairstylist at three of Defendant's salons in Wichita, Kansas, at 6727 W. Central Avenue, at 302 N. Rock Road, and primarily at the salon at 2441 N. Maize Road, which was the location at which she was working at the time of her termination from employment ("the Salon"). The Plaintiff worked for Defendant from April 2007 through on or about July 26, 2012.

3. The Defendant is a company engaged in the business of providing hair styling and related services to its customers. It has several locations in the Wichita area. The Defendant employs 15 or more persons and is a covered employer within the meaning of the Americans with Disabilities Act, as amended (collectively the "ADA"). On information and belief, the Defendant employs 50 or more employees within 75 miles of its primary place of business. On information and belief, the Defendant is a covered employer within the meaning of the Family and Medical Leave Act ("FMLA").

### Relevant facts

4. The Plaintiff is a qualified individual with a disability, suffering from Type I Diabetes Mellitus since the age of 5 years old. Beginning in September 2011, the Plaintiff began to have overt neuropathy symptoms, experiencing blurred vision, hypoglycemia, dizziness, headaches and sensitivity to light.

5. From and after September 2011, the Plaintiff occasionally missed work or got to work late due to her disability. On information and belief, the Plaintiff did not miss any more work than other employees at the Salon.

6. At least from and after September 2011, the Defendant was aware of the Plaintiff's disability. It also was aware that most of her absences were due to her disability.

7. On or about July 17, 2012, the Plaintiff experienced sickness due to her diabetic condition and was unconscious for a period of time. She was also suffering an episode of diabetic neuropathy, including vision problems. As a result of this situation, the Plaintiff was unable to work as scheduled on that date. Both the Plaintiff's boyfriend and her mother called the Salon to advise management that she was ill and would be unable to work that day.

8. On or about July 23, 2012, the Plaintiff again experienced low blood sugar. The Plaintiff called the Salon to report that she would not be able to arrive in time to make an appointment that she had scheduled with a customer. The Plaintiff went ahead and cut the customer's hair after she arrived.

9. On or about July 25, 2012, the Plaintiff received a call from Jennifer Maddox, a human resources employee for the Defendant. She directed the Plaintiff to come to the business office to meet with her on or about July 26, 2012, for a meeting about the Plaintiff's future with the company.

10. On or about July 26, 2012, the Plaintiff met with Ms. Maddox and Sammi Teufel-Tipton, the Salon manager. They told the Plaintiff that she was fired due to attendance issues.

11. At no time prior to July 26, 2012, did the Defendant express to the Plaintiff any concerns about her attendance. The Defendant knew that her absences were due to her disability, and she would call the Salon to advise them when she was unable to work.

12. The Plaintiff never received a copy of the Defendant's personnel handbook, nor did she receive a copy of the Defendant's ADA or FMLA policies, if any.

### First Claim for Relief:  Violations of the ADA

13. The Plaintiff incorporates paragraphs 1 through 12 above as if set forth fully here.

14. The Plaintiff was qualified to perform the essential functions of her job with or without an accommodation.

15. The Defendant unlawfully discriminated against the Plaintiff based upon her disability when it terminated her employment. The Defendant also discriminated against the Plaintiff when it failed to engage in a good faith interaction with the Plaintiff and to provide her with a reasonable accommodation.

16. The Defendant's termination of the Plaintiff's employment caused her economic loss, emotional distress, embarrassment and humiliation. The Defendant's wrongful conduct was done willfully and in reckless disregard of the Plaintiff's rights.

Wherefore, the Plaintiff prays that the Court enter judgment in her favor, awarding her damages (including punitive damages), costs, interest and attorneys' fees and such other relief as the Court deems just, including declaratory and equitable relief.

### Second Claim for Relief:  Violation of the FMLA

17. The Plaintiff incorporates paragraphs 1 through 16 above as if set forth fully here.

18. At least from and after September 2011, the Plaintiff suffered from a serious health condition as that term is defined in the FMLA.

19. The Defendant was aware of the Plaintiff's serious health condition and her possible entitlement to leave, including intermittent leave, under the FMLA. At least from and after September 2011, the Plaintiff was eligible for leave under the FMLA. The Defendant never advised the Plaintiff of her right to leave under the FMLA. As a consequence, the Plaintiff was unaware that she could have requested leave, including intermittent leave, under the FMLA.

20. The Plaintiff's own serious health condition would have required the Defendant to designate the Plaintiff's absences due to her serious health condition as leave under the FMLA. The Defendant relied upon those absences when it terminated her employment allegedly based upon her absences. The Defendant interfered with and/or retaliated against the Plaintiff when it terminated her employment in violation of the FMLA.

21. As a result of the Defendant's violation of the Plaintiff's rights under the FMLA, she has suffered economic loss.

Wherefore, the Plaintiff prays that the Court enter judgment in her favor, awarding her damages (including liquidated damages), costs, interest and attorneys' fees and such other relief as the Court deems just, including declaratory and equitable relief.

## Demand for Jury Trial

The Plaintiff demands a jury trial on all matters triable before a jury under law.

## Designation of Place of Trial

The Plaintiff designates Wichita, Kansas, as the place of trial.

/s/   Michael M. Shultz
Michael M. Shultz     #18093
Law Firm of Michael M. Shultz
901 Kentucky, Suite 305
Lawrence, KS 66044
TEL: 785-838-4300
Email: Michael@theshultzlawfirm.com


/s/ James M. Kaup
James M. Kaup  #10198

KAUP LAW OFFICE
214 SW 6th Ave., Suite 306
Topeka, KS 66603
TEL:  785-235-1111
FAX: 785-235-1141
Email:  kaup@kauplawoffice.com

**Attorneys for Plaintiff**